IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RODOLFO MARTINEZ, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 20-243-RGA |
| | : |
| SHERI GARDENER, et al., | : |
| | : |
| Defendants. | : |

## **MEMORANDUM**

1.  **Introduction**.  Plaintiff Rodolfo Martinez was a pretrial detainee at the Sussex Correctional Institution in Georgetown, Delaware, when he filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 2).   He is currently housed at the James T. Vaughn Correctional Center in Smyrna, Delaware.   Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 4).

2.  **Background**.  As alleged in the Complaint, Plaintiff complains of actions that occurred at SCI from July 2019 to the date of the Complaint in February 2020. (D.I. 2 at 5, 10)   Plaintiff alleges that he has ongoing medical conditions and has been diagnosed with a herniated and bulging disc with sciatic nerve damage.  (*Id*.  at 5). He alleges medical defendants are deliberately indifferent to his serious medical needs, that he is either not receiving care or is receiving inappropriate care, and that his back problems have basically been ignored.  (*Id*. at 5-6).   Plaintiff alleges the Delaware Department of Correction "governing authorities" have failed to step in and to see that

1

SCI medical staff fulfills their constitutional obligation to provide him with medical care. (*Id*. at 7).   Plaintiff seeks injunctive relief in the form of medical care.

On November 23, 2020, the Court screened and dismissed the based upon the allegations in the Complaint for Plaintiff's failure to exhaust his administrative remedies. (D.I. 8, 9).

3.   **Motion to Amend**.   Plaintiff filed a motion to amend the complaint on November 30, 2020.   (D.I. 10).   Plaintiff was transferred to JTVCC on March 6, 2020. (*See* D.I. 10 at 2).   The proposed amendment seeks to add allegations of denial of pain medication following multiple physician visits following Plaintiff's transfer to JTVCC. Plaintiff claims that he "has repeatedly visited JTVCC medical services only to be denied any medical pain relief by defendants Wolford and Adah, and when he informs defendant Records who has direct over-sight of defendants Wolford and Adah[,] he was denied treatment.   Bureau Chief Records ignored his complaints and affirmed medical decisions without further review or over-sight . . . , leaving Martinez in severe pain since prior to March 6, 2020."   (D.I. 10 at 3).

4.   Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave.   Rule 15 provides that courts should freely give leave to amend when justice so requires.   The Third Circuit has adopted a liberal approach to

the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990).   Amendment, however, is not automatic.  *See Dover Steel Co., Inc. v. Hartford Accident & Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993).   Here, Plaintiff seeks to amend to add new medical claims that allegedly occurred during a different time-frame and at a different institution.   While the law may be the same, some of the proposed defendants are different and the relevant facts are limited to acts at JTVCC.

5. Accordingly, the motion to amend will be denied, without any prejudice to Plaintiff's filing a separate suit for conduct at JTVCC.

6. **Motion for Reconsideration**.   Plaintiff moves for reconsideration of the November 23, 2020 Order that dismissed the case without prejudice for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act. (D.I. 9, 11).   Plaintiff explains that he "inadvertently claimed he had not exhausted his administrative remedies but, upon review, he discovered that all claims were fully exhausted prior to the November 23, 2020 dismissal order.   (D.I. 11 at 1).

7. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).   "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or [to] prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

8. Several medical grievances are attached to the Complaint: No. 467135, dated September 2, 2019, complains that for the past few months Plaintiff submitted several sick call slips concerning his back problem and had yet to be seen; No. 476173, dated November 3, 2019, complains of two medical visits, one on October 16, 2019, and the other on November 1, 2019; No. 480174, dated November 30, 2019, makes the same complaints as in Grievance No. 476173; and No. 452236, dated January 1, 2020, complains that when he was seen by N.P. Gardner she asked about Plaintiff's chronic pain and then advised Plaintiff the visit was for his allergies and asthma. (D.I. 2-1 at 1-4). Grievance No. 480174 was returned unprocessed as a duplicate grievance of Grievance No. 476173. (*Id*. at 5).

9. With his motion for reconsideration Plaintiff filed documents showing he exhausted his administrative remedies for one grievance. Grievance No. 476173 was fully exhausted on February 13, 2020, one day before Plaintiff signed his complaint.[1] (*See* D.I. 11-1 at 1).

10. In light of evidence that shows Plaintiff fully administratively exhausted Grievance No. 476173, Plaintiff's motion for reconsideration will be granted as to those claims raised in Grievance No. 476173, and denied in all other respects, there being no

---

[1] Plaintiff provided documentation that Grievance No. 505852, dated May 5, 2020, was fully exhausted on September 23, 2020. Evidence that Grievance No. 505852 is fully exhaust is not relevant for two reasons. First, the grievance was submitted almost three months after Plaintiff commenced this action. And, second, the administrative remedies were fully exhausted after Plaintiff commenced this action. *See Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004) (inmate must fully satisfy administrative requirements of inmate grievance process before proceeding into federal court).

evidence of exhaustion of any other claims and it being clear from the Complaint's allegations that they were not exhausted.[2]

11. **Screening**.  A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  There are two claims in Grievance No. 476173 that must be screened.  The October 16, 2019 claim that Plaintiff experienced "severe back spasms," was taken to medical, and received an injection and a nine-day prescription but neither eased his pain.  (D.I. 2-1 at 2).  And, the November 1, 2019 claim that Plaintiff's pain became unbearable, he again visited medical and was given Motrin.  (*Id*.).  The nurse on duty told Plaintiff to stop complaining during the 4-12 shifts, and Plaintiff was sent back to his tier with no other treatment or mention of a follow-up.  (*Id*.)

12. It is evident when comparing the Complaint's allegations to Grievance No. 480174 that the two dates refer to "two main Defendants who have been primary in

---

[2] Dismissal of Defendants Michael Records, Claire DeMatteis, and Truman Mears is also appropriate.  It is clear they are named as defendants based upon their supervisory positions.  There is no respondeat superior liability under § 1983.  *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  In addition, a non-medical prison official must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference.  *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

5

addressing and neglecting [Plaintiff's] medical concerns;" Nurse Practitioner Sheri Gardener and L.P.N. Charles Collins.  (D.I. 2 at 6).   As alleged in the Complaint, Plaintiff was seen by Collins on two separate occasions after Plaintiff submitted sick call slips.   On the first occasion, Collins discussed Plaintiff's medical condition with Gardener and Gardener authorized an injection and prescribed inflammatory pills.   (D.I. 2 at 6; *Compare* to Grievance No. 476173 Oct. 16, 2019 visit).   On the next occasion, Collins provided Plaintiff with Motrin and advised Plaintiff to stop complaining on Collins' work shift.   (D.I. 2 at 6; Compare to Grievance No. 476173 Nov. 1, 2019 visit).

       13.    As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment affords Plaintiff protection for his medical needs claim.   *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).   When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has found no reason to apply a different standard than that set forth in *Estelle v. Gamble*, 429 U.S. 97 (1976).   *See Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003).

       14.    A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment."   *Estelle v. Gamble*, 429 U.S. at 104.   See also *Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, Courts have a responsibility to remedy the resulting Eighth Amendment violation); *Farmer v.*

6

*Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment prisons officials must ensure inmates receive adequate medical care).

15. "A prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle v. Gamble*, 429 U.S. at 107. Allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986). Finally, "mere disagreement as to the proper medical treatment is insufficient" to state a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (cleaned up).

16. When reading the Complaint in the most favorable light to Plaintiff, he nevertheless fails to state actionable constitutional claims against Gardener and Collins. Both provided Plaintiff medical care and while Plaintiff may not have been pleased with the efficacy of the treatment that does not state a claim for deliberate indifference. At most, and only as to the November 1, 2019 claim, the allegations speak to negligence and not deliberate indifference to a serious medical need. The medical needs claim will be dismissed pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1.

17. Amendment is futile. The record makes clear what Plaintiff's factual

7

allegations are.   They cannot be described in a way that would make out a constitutional violation.

      18.    **Conclusion**.   For the above reasons, the Court will: (1) deny the motion to amend (D.I. 10); (2) grant in part and deny in part the motion for reconsideration (D.I. 11); and (3) dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).   An appropriate Order will be entered.

                                                   /s/ Richard G. Andrews  
                                            UNITED STATES DISTRICT JUDGE

April 1, 2021  
Wilmington, Delaware